FRANCES EDELBAUM, Plaintiff, v. NATHAN LUSTIG, Defendant.*

City Court of New York, Bronx County, July 1, 1929.

*Emanuel Redfield*, for the plaintiff.

*S. V. & G. P. Heimberger*, for the defendant.

EVANS, J. It is true that an agreement to marry made by a party already married is invalid when the other party is fully aware of the disability to contract. Here the evidence shows that defendant knew when he made the promise that plaintiff was married and was seeking a divorce. If that were all, I should say that a contract to marry under these circumstances was of no effect and void as against public policy. But after the plaintiff had procured her divorce and was free to marry, the contract was renewed, or at least ratified. I can see no reason why a contract originally invalid because of public policy cannot be ratified when the public policy originally avoiding it no longer obtains. There is no prohibition by the laws of this State against the remarriage of a divorced man or woman. Nor does the law frown in any way upon the marriage of divorced persons. The jury's findings are that when defendant

* See, also, 140 Misc. 853.

originally made the promise of marriage he knew that plaintiff was married, not living with her husband, and seeking a divorce from him. He knew also that she had fully obtained a divorce from him. And after that he consented to the printing and sending out of invitations to their wedding and conducted himself as if there was not the slightest doubt of failing in his promise. Suddenly, on the eve of his marriage to plaintiff, he married another woman, and it may be that that gave rise to any doubt that he had about the validity of his original promise and his renewals and ratifications thereof.

The verdict is not against the weight of the evidence, and the motion to set it aside is denied. Ten days' stay. Thirty days to make a case.